IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIE HENRY JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:13-CV-985-O |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Willie Henry Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is serving a forty-year sentence on his 2011 conviction in the 396th District Court of Tarrant County, Texas, No. 1238645R, for continuous sexual abuse of children younger than 14 years of age. Clerk's R. 226, ECF No. 13-1. The Eighth District Court of Appeals of Texas affirmed the trial's court judgment, and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Misc. doc., ECF No. 13-1. Petitioner also filed a "Petition for Writ of Certiorari" in the Texas Court of Criminal Appeals raising the issue presented herein, which was denied without written order. Cover, ECF No. 19-1. This federal petition for a writ of habeas corpus

was filed on December 6, 2013.[1]

By way of the petition, Petitioner challenges the constitutionality of the state's continuous-sexual-abuse statute found under § 21.02 of the Texas Penal Code on the basis that the statute violates the unanimity requirements of the United States and Texas Constitutions. Pet. 6, ECF No. 1. Section 21.02, in relevant part, states:

. . .

(b) A person commits an offense if:
    (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
    (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

(c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:
    (1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;
    (2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;
    (3) sexual assault under Section 22.011;
    (4) aggravated sexual assault under Section 22.021;
    (5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);
    (6) sexual performance by a child under Section 43.25;
    (7) trafficking of persons under Section 20A.02(a)(7) or (8); and
    (8) compelling prostitution under Section 43.05(a)(2).

(d) If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

---

[1] A petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

. . .

Tex. Penal Code Ann. § 21.02(b)-(f) (West Supp. 2013).

Petitioner argues that the statute creates a "'throw it against the wall and see what sticks' scenario," allowing a jury to "return a finding of guilt with no unanimity of any claimed instance of abuse." Pet. 6-D, ECF No. 1. In other words, he suggests that the statute runs the risk that the jurors will select different acts in finding guilt, with none of the acts being chosen by the jurors unanimously.

The state appellate court addressed the issue as follows:

> Henry contends that Section 21.02 of the Penal Code – the statute continuous sexual abuse of a child and under which he was convicted – is unconstitutional because it violates his right to a unanimous jury verdict and denies him due process and due course of law. . . .
>
> Henry was accused of sexually abusing his two granddaughters, S.B. and S.W. The indictment against Henry alleges that, from November 2, 2007 to November 21, 2009, during a period of time that was 30 days or more in duration, he committed two or more acts of sexual abuse against S.B. and S.W. when they were both younger than 14 years of age. Some of the specific acts of sexual abuse Henry was alleged to have committed included aggravated sexual assault of S.B. by causing her mouth to contact his penis and aggravated sexual assault of S.W. by causing her mouth and vagina to contact his penis and by penetrating her vagina with his finger. Before trial, Henry moved to quash the indictment on the same grounds he now raises on appeal. The trial court denied the motion.
>
> S.B. and S.W. each testified at trial. S.W., then nine years old, testified that Henry touched her vagina with his hand and penis and made her perform fellatio on him on multiple occasions beginning when she was four years old and occurring over a period longer than one month. S.B., then six years old, testified that, although she did not know the length of a month and could not state with certainty when the following occurred, when she was five years old, Henry touched her vagina with his hand and made her touch his penis on separate occasions and made her perform fellatio on him on multiple occasions. When asked if she saw Henry in the courtroom, S.B. testified that she did not.
>
> At the charge conference, Henry objected to the omission in the charge of an

3

instruction "that the jury must agree unanimously on which specific acts of sexual abuse were committed . . ." and to the inclusion in the charge of an instruction "that the members of the jury are not required to agree unanimously on which specific acts of sexual abuse . . . were committed. . . ." The trial court overruled Henry's objections.

. . .

Henry argues that the trial court erred by denying his motion to quash the indictment and by overruling his objection to the charge because Section 21.02 violates his constitutional right to a unanimous jury verdict and denies him due process and due course of law. *See* U.S. CONST. amend V, VI, XIV; Tex. CONST. art I, § 19, art. V, § 13. Specifically, Henry contends that Section 21.02 violates those constitutional guarantees because it permits jurors to convict even if they do not agree unanimously on which specific acts of sexual abuse the defendant committed. Henry argues further that, under Section 21.02, the specific acts of sexual abuse the defendant commits are factual "elements" of the offense, not merely the "manner and means" by which the offense is committed, and that, consequently, these acts must be found unanimously. We disagree.

. . .

We review the constitutionality of a statute *de novo*. *Esparza v. State,* 282 S.W.3d 913, 921 (Tex. Crim. App. 2009). In the absence of evidence to the contrary, we have a duty to construe a statute in a way that renders it constitutional. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). There is strong presumption supporting the constitutionality of statutes, and the party challenging the validity of a statute has the burden to establish its unconstitutionality. *Id.*

. . .

Under Section 21.02, a "person commits an offense if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts . . . are committed against one or more victims." Tex. Penal Code Ann. § 21.02(b) (West Supp. 2012). The statute also requires that the actor be 17 years of age or older and the victim or victims be younger than 14 years of age. *Id.* By its very terms, the statute provides that when the jury is the trier of fact, its members "are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." Tex. Penal Code Ann. § 21.02(d). Jurors, however, "must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.*

The Texas Constitution requires juror unanimity in felony cases. *See Young*

*v. State,* 341 S.W.3d 417, 422 (Tex. Crim. App. 2011); TEX. CONST. art V, § 13. The requirement of juror unanimity applies to each element of an offense, but not to the manner and means by which the elements of the offense are accomplished. *Jefferson v. State,* 189 S.W.3d 305, 311 (Tex. Crim. App. 2006). Consistent with due-process guarantees, the Legislature may define a criminal offense in a way that permits jurors to convict while disagreeing about the manner and means of commission of that offense, provided the alternate manners and means of commission are basically equivalent morally and conceptually. *Casey v. State,* 349 S.W.3d 825, 829 (Tex. App.-El Paso 2011, pet. ref'd), *citing White v. State,* 208 S.W.3d 467, 469 (Tex. Crim. App. 2006) and *Jefferson,* 189 S.W.3d at 313–14.

The various acts of sexual abuse listed in Section 21.02(c) are not elements of the crime of continuous sexual abuse of a child, but are merely the means by or the manner in which one commits the offense. Accordingly, Section 21.02 does not violate a defendant's constitutional right to a unanimous jury verdict. As this Court and other courts of appeal have recognized, the specific *actus reus* of the offense is the continuous course of conduct–the pattern of sexual assaults encompassing the individual acts of sexual conduct–rather than each individual act. *See Casey,* 349 S.W.3d at 829; *Jacobsen v. State,* 325 S.W.3d 733, 736-37 (Tex. App.-Austin 2010, no pet.); *Reckart v. State,* 323 S.W.3d 588, 600-01 (Tex. App.-Corpus Christi 2010, pet. ref'd); *Render v. State,* 316 S.W.3d 846, 857-58 (Tex. App.-Dallas 2010, pet. ref'd). It is the continuous course of sexual abuse, as demonstrated by two or more acts in violation of one or more of the statutes referred to in Section 21.02(c) during a period of 30 days or more, that establishes that the offense has been committed. The specific acts of sexual abuse enumerated in Section 21.02(c) are merely the underlying evidentiary facts necessary to establish that the defendant committed the requisite number of acts. *Jacobsen,* 325 S.W.3d at 736-37. Indeed, the language of Section 21.02 itself suggests that the requisite number of acts do not constitute elements of the offense. Section 21.02 does not criminalize the underlying acts, but rather, incorporates the other statutes merely to define the acts that make up the continuous course of sexual abuse prohibited by the statute. Requiring unanimity on the precise manner in which the acts were committed is therefore irrelevant so long as the jurors unanimously agree that the defendant committed the requisite number of acts over the specified time. If the jurors so agree, a defendant's constitutional right to a unanimous jury verdict is protected, even if the jurors disagree on which specific acts of abuse the defendant committed. *See Casey,* 349 S.W.3d at 829; *Jacobsen,* 325 S.W.3d at 739; *Reckart,* 323 S.W.3d at 600-01; *Render,* 316 S.W.3d at 857-58.

Section 21.02 likewise does not deny a defendant due process and due course of law. In Section 21.02, the alternate manners and means of commission of the offense, *i.e.,* the various acts of sexual abuse enumerated in Section 21.02(c), all involve actual or intended sexual abuse of a child, all are felonies, all are morally

5

equivalent, and all are conceptually similar. *Casey,* 349 S.W.3d at 829. In light of the foregoing, Section 21.02 does not deny due process and due course of law simply because it permits jurors to convict while disagreeing on the manner and means of commission of the offense. *Id.* at 829-30, *citing Jacobsen,* 325 S.W.3d at 739.

Henry argues that the decisions upholding unanimity challenges to Section 21.02 "have been wrongly decided and should be reexamined under the Constitutional lens." In support of his argument, Henry cites *Richardson v. United States,* 526 U.S. 813 (1999) and *State v. Rabago,* 103 Hawaii 236, 81 P.3d 1151 (2003). Henry's reliance on these cases for his argument that Section 21.02 is unconstitutional is misplaced.

*Richardson* is not only distinguishable from this case but also compatible with our conclusion that Section 21.02 does not violate the Texas constitutional requirement of jury unanimity. In *Richardson,* the Supreme Court held that, in order to convict a defendant under the federal continuing criminal enterprise drug statute, a jury must agree unanimously on the specific, underlying drug code violations that comprise the "continuing criminal enterprise." 526 U.S. at 815. The Court so held for two reasons. First, the Court reasoned that because the statute did not explicitly reveal whether the individual violations are an element or a means–the former, but not the latter, requiring juror unanimity–it was necessary to engage in a statutory interpretation analysis. *Id.* at 818. After construing the statutory language, the Court concluded that Congress had intended each violation to be treated as an element of the offense. *Id.* at 818-19. Second, the Court also reasoned that the potential unfairness created by the breadth of the term "violation" to encompass approximately 90 predicate drug crimes involving "many different kinds of behavior of varying degrees of seriousness," required jury unanimity as to each individual violation. *Id.* at 819-20.

Unlike the federal statute in *Richardson,* the statute here is not susceptible to different interpretations on the jury unanimity question. Section 21.02(d) clearly states that jurors "are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed," but "must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." Tex. Penal Code Ann. § 21.02(d). Thus, in contrast to the statute in *Richardson,* Section 21.02 explicitly makes known whether the individual act is an element or a means. Under Section 21.02(d), the specific, individual acts comprising the requisite number of predicate acts for purposes of Section 21.02(b) clearly constitute the underlying means rather than the elements of the offense on which the jury must agree unanimously. Section 21.02 singularly prohibits "continuous sexual abuse of a child" and, therefore, essentially creates a single element, a series, in respect to which individual violations are but the means. Accordingly, in prosecutions under Section

6

21.02, the jury need only agree that the defendant committed at least two of all the underlying crimes the State attempts to prove.

In addition, Section 21.02 does not give rise to similar concerns about statutory breadth and potential unfairness expressed in *Richardson*. Because the statute in *Richardson* encompassed approximately 90 predicate drug crimes that were not all morally equivalent or conceptually similar, the risk of dispensing with unanimity on the predicate acts was too great. By contrast, the predicate acts in Section 21.02 are sufficiently equivalent to justify the Legislature's decision to dispense with unanimity on the predicate acts. The lack of jury unanimity regarding the specific acts constituting the required minimum of two sexual abuse acts raises no concern about fundamental fairness given the circumstances.

Like *Richardson, Rabago* is also distinguishable from this case, so much so that its reasoning is inapplicable in this case. In *Rabago,* the Hawaii Supreme Court struck down a statute similar to Section 21.02. 103 Hawaii 236, 81 P.3d 1151 (2003). The Court did so based on its conclusion that the behavior proscribed by the statute did not constitute a "continuing offenses," but rather "several distinct acts." 81 P.3d at 1162-63. As defined by the Court, a "continuing offense" is "a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy[, or] an offense which continues day by day [, or] a breach of the criminal law, not terminated by a single act or fact, but subsisting for a definite period and intended to cover or apply to successive similar obligations or occurrences." *Rabago,* 81 P.3d at 1162-63. According to the Court, the distinction between a continuing offense or several distinct acts turns on "whether the evidence discloses one general intent or discloses separate and distinct intents[;][i]f there is but one intention, one general impulse, and one plan, there is but one offense." *Id.* at 1163. Relying on these principles, the Court held that the statute's requirement of three or more acts of sexual penetration or sexual contact, when combined with the attendant circumstance of "over a period of time," "necessarily entails multiple impulses and the operation of intermittent forces and thus deviates from the construct of 'continuing offenses.'" *Id.* at 1167.

As noted above, the Court's conclusion in *Rabago* hinges on its definition of what constitutes a continuous course of conduct, not on the constitutional claims made by Henry in this case. On that basis alone, *Rabago* is distinguishable. *Rabago* is also distinguishable on another basis. Although the definition of continuous course of conduct in *Rabago* is questionable, we would, unlike the Hawaii court, conclude that the conduct prohibited by Section 21.02 clearly fits within that definition. The record here establishes that Henry's actions, in the words of that court, were driven by "'one intention, one general impulse, and one plan'"–to molest his granddaughters. *Rabago,* 81 P.3d at 1163. Henry's acts therefore constituted a continuous course of conduct under Section 21.02.

> In sum, the various acts of sexual abuse enumerated in Section 21.02(c) are not elements of the crime of continuous sexual abuse of a child, but are merely the means by or the manner in which one commits the offense. Section 21.02 therefore does not violate the constitutional requirement of jury unanimity by permitting jurors to convict even if they do not agree unanimously on which specific acts of sexual abuse the defendant committed. Moreover, since the acts listed in Section 21.02(c) are morally equivalent and conceptually similar, Section 21.02 does not deny a defendant due process and due course of law simply because it permits jurors to convict while disagreeing on the manner and means of commission of the offense. In view of the foregoing, we conclude that the trial court did not err in denying Henry's pretrial motion to quash the indictment and his objections to the charge.

Op. 1-10, ECF No. 13-2 (footnotes omitted).

## II. LEGAL DISCUSSION

To the extent Petitioner claims § 22.01 violates the Texas Constitution, the claim fails. Federal habeas relief lies only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Furthermore, the Due Process Clause requires proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *See In re Winship,* 397 U.S. 358, 364 (1970). It does not, however, require that juries in state trials be unanimous. *See Schad v. Arizona,* 501 U.S. 624, 631-32 (1991) (plurality op.) (providing rule that jurors not required to agree upon single means of commission of crime applies equally to contention they must agree on one of alternative means of satisfying mental state element of crime); *Johnson v. Louisiana,* 406 U.S. 356, 359 (1972) (rejecting due process challenge to 9-3 state jury verdict). If state juries need not be unanimous on the ultimate question of guilt, it stands to reason that they not be unanimous on which particular acts constituted the illegal course of conduct. *See Schad*, 501 U.S. at 631 (stating "[w]e have never suggested that in returning general verdicts in . . . cases [alleging alternative manner or means of committing an offense] the jurors should be required to agree upon a single means of commission, any more than the

8

indictments were required to specify one alone"); *Verfes v. Newland,* No. CV-97-3707-FMS, 1998 WL 1148898, at * 10 (N.D.Cal. June 29, 1998) (providing absence of unanimity requirement in California's continuing sexual abuse statute does not violate due process), *aff'd,* 198 F.3d 256 (9th Cir. 1999), and *cert. denied,* 529 U.S. 1020 (2000). Thus, the reasoning of *Richardson,* a case interpreting a federal statute, cannot be applied to trials in state courts, where unanimous juries are not constitutionally required. The Supreme Court did not create a federal jury unanimity requirement nor did it hold that "continuous course of conduct" statutes violate the federal constitution. When there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established law from the Supreme Court. *Carey v. Musladin,* 549 U.S. 70, 77 (2006); *Peterson v. Swarthout,* No. C-11-2375-SI, 2013 WL 1320451 (N.D.Cal. Apr. 1, 2013).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **24th** day of **September, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE